**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95811-1767
KarowskyLaw@sbcglobal.net
(916) 447-1134
(916) 448-0265 (Fax)

Attorney for Defendant
Christopher King

## UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    vs.<br><br>Christopher King,<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2:24-cr-00120-DC

**STIPULATION TO CONTINUE STATUS CONFERENCE AND [PROPOSED] ORDER**

**Date:  June 13, 2025**
**Time:  9:30 a.m.**
**Court: Hon. Dena Coggins**

        **IT IS HEREBY STIPULATED**, by and between the parties, through their respective counsel, Assistant United States Attorney Whitnee Goins, counsel for plaintiff, and Jan David Karowsky, counsel for defendant Christopher King, that the status conference scheduled for June 13, 2025 at 9:30 a.m., be continued to August 29, 2025, at 9:30 a.m.

        Since the last scheduled status conference, the defense investigator has completed some of the social history of Mr. King, but needs additional information. The defense needs time to obtain additional records and interview more witnesses to attempt to flesh out and corroborate a number of points in Mr. King's social history.

Also, during the interim, the defense has hired a local forensic psychiatrist to examine Mr. King, review his social history and the records in order to prepare a report as potential mitigation. The requested continuance will allow the time necessary for the defense to conduct further needed investigation; gather additional records; allow the psychiatrist to review the records, examine Mr. King and provide a written report; allow the government to review the social history and the doctor's report; and for the defendant to determine how best to proceed in this case.

Accordingly, the parties request that the status conference in this matter be reset to August 29, 2025 at 9:30 a.m. The parties agree that the ends of justice served by resetting the status conference date outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, the parties agree that time is excludable from June 13, 2025 through August 29, 2025, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv) (Local Code T4).

Dated: June 6, 2025                    Respectfully submitted,

                                        MICHELE BECKWITH
                                        Acting United States Attorney

                                        /s/ WHITNEE GOINS

                                        by
                                        WHITNEE GOINS
                                        Assistant United States Attorney


DATED:  June 6, 2025                    JAN DAVID KAROWSKY
                                        Attorney at Law
                                        A Professional Corporation

                                        /s/ Jan David Karowsky

                                        by
                                        JAN DAVID KAROWSKY
                                        Attorney for Defendant
                                        Christopher King

# O R D E R

The court has received, read and considered the parties' stipulation.  Good cause appearing therefrom, taking account of Mr. Karowsky's substitution into this case, the court ADOPTS the parties' stipulation.  Accordingly, the Status Conference scheduled for June 13, 2025, at 9:30 a.m. is VACATED and RESET for August 29, 2025, at 9:30 a.m. in Courtroom 8 before the Honorable Dena M. Coggins.  The court notes that the parties have not yet appeared before a District Judge on this matter.  The parties should be prepared to proceed on August 29, 2025.  The time period between June 13, 2025, through August 29, 2025, is excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv) (Local Code T4), as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 9, 2025**

Dena Coggins
United States District Judge